becomes a matter of legal vested right, which even a court of equity will not disturb : *M'Dermutt* v. *Strong and others*, 4 J. C. R. 687.

The complainant, Safford, obtained it, in this instance, by filing his bill and serving his subpœna a few minutes before the other complainants Gray and Crosby.   It was Safford's good luck and not the others' fault that he got ahead of them in the race.   They have to blame the sheriff for being delayed in finding the execution returned before they could present their bill for the injunction ; but this accident or mistake of the officer's is not a sufficient ground for depriving Safford of his priority.

The other point between the partnership creditors and the individual creditor I determined on the hearing of the petition.

*Order :* That the complainant, John L. Safford, be first paid in full and next the complainants Gray and Crosby and so on in the order in which the several creditor's bills were filed.

<div style="margin-right:0;">

1844.

MEL
v.
HOLBROOK.

</div>

---

## Mel, Coe and Anderson v. Holbrook and others.

J. G. A., being proprietor of the Bank of F., solicited the firm of M. C. & A. for their drafts ; and, on obtaining, discounted them, paying in the then current notes of the bank.   Subsequently and before the drafts matured and while M. C. & A. still held the greater portion of the bank notes, the bank failed ; and J. G. A. assigned its assets ; and, amongst them, the drafts to L. H., in trust for creditors.   L. H. as holder sued M. C. & A. at law on their drafts at maturity :  *Held*, that here was a case of equitable set-off and an injunction should issue to restrain the action at law.

---

MOTION for an injunction to restrain the defendant Lowell Holbrook from further proceeding at law upon the subject-matter of the suit now prosecuted by him in the Superior court of the city of New York against the complainants.

The bill showed that the complainants composed the mer-

<div style="margin-right:0;">

Oct. 7,
1844.

*Set-off.*
*Injunction.*

</div>

cantile firm of Mel, Coe and Anderson in the city of New York; that one Edwin G. Booth became the proprietor of the bank of Florida, a bank incorporated by the legislature of the territory of Florida and established at Tallahassee ; that, being such proprietor, the said Booth conducted and carried on the business of the said bank at Tallahassee and, in the course thereof, issued and put in circulation a large amount of the bank bills and circulating notes of the said bank and which said notes were, upon the face of them, made payable at the office of David S. Kennedy in the city of New York and were signed by the said Edwin G. Booth as the president of the said bank. That some time in or about the month of December one thousand eight hundred and forty-three, the said Booth sold out his interest in the said bank to the defendant James G. Graham, who thereupon became the proprietor of the bank and conducted and carried on its business at Tallahassee and, in the course of its business, issued and put into circulation a large amount of the bank bills and circulating notes of the said bank and which said notes were also made payable at the office of the said David S. Kennedy in New York and were signed by the said Graham as president. That on the transfer of the said bank from the said Booth to the said Graham, the latter (as the complainants were informed and believed) agreed (and such they charged would be the case by operation of law) that he and the said bank would protect and pay the outstanding bills of the said bank which had been issued by the said Graham and signed by him as president.

The bill further showed that, in the month of March one thousand eight hundred and forty-four, one of the complainants, John George Anderson, being then at Tallahassee, the said James G. Graham solicited him for drafts on his said house of Mel, Coe and Anderson and offered to discount the same. That the said James G. Anderson accordingly, on behalf of his said firm and on the twelfth day of March in the year one thousand eight hundred and forty-four, drew two certain bills of exchange bearing that date upon his said firm in New York in favor of the said James G. Graham, the one at sixty days date for two thousand dollars and the other at sixty days sight for three thousand dollars

and the same were thereupon discounted by the said bank of Florida; and the said John George Anderson thereupon received the proceeds of the discount of his said draft for three thousand dollars from the said bank of Florida in the bank notes of the said bank. That the aforesaid bank, on receiving the said drafts, sent them forward for collection, on account of the said bank, to the said David S. Kennedy; and that the same were duly presented to the complainants and by them accepted. That sometime in the month of April in the year one thousand eight hundred and forty-four the said David S. Kennedy ceased to redeem the bank notes of the said bank of Florida and thereupon the said bank suspended its payments and had ever since refused and been unable to meet its notes and other obligations and were insolvent. That shortly after the suspension of the said bank, the said David S. Kennedy, having covered himself from funds in his hands for his advances and liabilities in relation to the said bank, did, by order of the said bank, transfer all its remaining assets then in his hands, including the aforesaid two acceptances of the complainants to the defendant Lowell Holbrook of the city of New York, merchant, in trust to realize the assets and apply the proceeds in or towards the payment of the debts of the said bank and that he still so held such acceptances. That the complainants still held and had held ever since the discount of the two aforesaid drafts on them, two thousand one hundred dollars of the said bank notes of the said bank of Florida, signed by the said James G. Graham, being a portion of the identical notes received by the said complainant John George Anderson on the discount of the said two drafts by the said bank of Florida; and that they also then held and did, before the maturity of their said two acceptances or either of them and also before the said transfer of their said two acceptances to the said Lowell Holbrook and also before the commencement of the action upon them in the superior court, hold three thousand five hundred dollars of the said bank notes of the said bank belonging to them and received by them in the regular course of business, all of which were signed by the said James G. Graham as president of the said bank. And the complainants claimed the right to set off against

them their said two acceptances. The complainants then set forth the action at law commenced against them on the said two acceptances by the said Lowell Holbrook as plaintiff showing that the same was not at issue. *Prayer :* That, by a decree, the complainants might be allowed to set off the aforesaid bank notes against their said two acceptances or that such acceptances might be declared void in whole or in part; and, for further relief. And also for an injunction to restrain further proceedings in the action.

The affidavits, in opposition to the motion, showed that the bank notes were available at the time they were taken by the complainants and that they might have passed them away for their full amount, if they had been so disposed; but these depositions did not controvert the main facts set out in the bill.

Mr. *G. Griffin*, for the complainants.

Mr. *J. B. Wright*, for the defendant Lowell Holbrook.

*Feb.* 3. THE VICE-CHANCELLOR :—This appears to be a case of an equitable set off within the principle of *Lindsay* v. *Jackson*, 2 Paige's C. R. 581. *Order*, that the injunction be made so as to become an absolute stay of proceedings in the suit at law.